[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 26, 2006
THOMAS K. KAHN
CLERK

No. 06-12231
Non-Argument Calendar
_____

D. C. Docket No. 04-00397-CV-JTC-1

MIRIAM W. GRIER,

Plaintiff-Appellant,

versus

SECRETARY JOHN W. SNOW,
Department of the Treasury,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 26, 2006)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Miriam Grier, an employee of the Internal Revenue Service ("IRS"), appeals the district court's grant of summary judgment to the Secretary of the Department of the Treasury, on her claim alleging retaliatory harassment, in violation of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-16(a). On appeal, Grier argues that the district court erred by concluding that no genuine issue of material fact existed on whether she established a causal connection between her filing of a complaint with the Equal Employment Opportunity Commission ("EEOC") and retaliatory conduct by her supervisors who she asserts knew about her EEOC complaint and were "cat's paws." After careful review, we affirm.

We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences drawn therefrom in the light most favorable to the non-moving party. Johnson v. Booker T. Washington Broad. Serv., 234 F.3d 501, 507 (11th Cir. 2000). Summary judgment is appropriate where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). To survive a motion for summary judgment, the nonmoving party must proffer evidence beyond what is asserted in the pleadings. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (citing Fed. R. Civ. P. 56(e)). Where the

2

nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," no genuine issue of material fact exists. Id. at 322-23.

The parties are familiar with the underlying facts and we only summarize them here. On February 11, 2004, Grier, who had worked at the IRS since 1985, filed this action, alleging that she had suffered retaliatory harassment after filing an EEOC complaint sometime in 1998, in which she complained that her supervisor, Janice Russell, was "fussing" at her on the phone and cursing at Grier. Grier asserted that the harassment relating to the filing of the EEOC complaint amounted to a "perturbed work environment" based on co-workers' and a supervisor's ridicule, criticism, scorn, and intimidation. She claimed that she was the victim of employment discrimination, resulting in a series of transfers and poor job evaluations, also based on her EEOC complaint.

The Secretary answered the complaint, suggesting the cause failed because, among other reasons, (1) it failed to state a claim upon which relief could be granted; (2) Grier had not exhausted her administrative remedies; (3) the actions Grier complained of were based on legitimate, non-discriminatory reasons, unrelated to the EEOC complaint; and (4) to the extent Grier sought recovery for being bitten by a spider after she was transferred to a different building, a transfer

which Grier asserted was ordered for retaliatory reasons, as a federal employee, Grier's exclusive remedy was under the Federal Employee's Compensation Act, 5 U.S.C. § 8101 et seq. The Secretary subsequently moved for summary judgment based on these grounds.

The district court granted summary judgment in favor of the Secretary. The court held that Grier could not establish a prima facie case of retaliation because she had shown neither that she suffered an adverse employment action, nor that there was a causal connection between any such action and the statutorily protected activity. As to the latter, the district court explained that Grier failed to demonstrate temporal proximity between the December 1998 EEOC complaint[1] and the alleged adverse actions, the first of which (the building transfer) took place eight or nine months later, in August 1999. The district court also found that the Secretary provided legitimate, non-discriminatory actions for the acts on which Grier based her suit, and that Grier had not shown that the proffered reasons were pretextual. This appeal followed.

At the summary judgment stage, in order to make a prima facie case of retaliation under Title VII, an employee must show that (1) she engaged in

---

[1]Grier presented no evidence as to when in 1998 she filed the EEOC complaint. For purposes of the "causal connection" analysis, the district court gave her the benefit of the doubt that she did not file it until December.

statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. See Cooper v. Southern Co., 390 F.3d 695, 740 (11th Cir. 2004), cert. denied, 126 S. Ct. 478 (2005). The first element is not in dispute here. Assuming that the alleged retaliatory conduct constituted an adverse employment action, Grier did not meet her prima facie burden on the third element, the causal link.

"The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001) (internal quotation omitted). To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse act were at least somewhat related and in close temporal proximity. Gupta v. Fl. Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000); Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004).

In the absence of other evidence of causation, temporal proximity between the protected activity and the adverse action must be close in order to show a causal connection. Higdon, 393 F.3d at 1220. We have found a three-month interval between the protected speech and an adverse action to be too great, without more, to establish an inference of retaliation. Id. at 1221; see also Sullivan

5

v. Nat'l R.R. Passenger Corp., 170 F.3d 1056, 1060-61 (11th Cir. 1999) (finding no causal link between protected activity in February 1994 and adverse employment actions in late 1994 and early 1995); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 951 (11th Cir. 2000) (holding that a 7-month time period between the protected activity and the adverse employment action is too indirect to satisfy the causal connection requirement). The Supreme Court has recognized that where a plaintiff relies on "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action" to establish the causal connection of her case, courts have "uniformly [held] that the temporal proximity must be very close." Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (citing with approval circuit court cases invalidating temporal proximities of three and four months) (internal quotation marks omitted).

Here, Grier's EEOC complaint was filed sometime in December 1998, while the first alleged act of retaliation occurred eight months later, in August 1999. Simply put, pursuant to our controlling precedent, an eight-month time period between the protected activity and the adverse employment is insufficient, alone, to satisfy the "causal connection" element of Grier's prima facie case. Moreover, we are unpersuaded by Grier's suggestion that her evidence established temporal proximity based on a "cat's paw" theory, whereby a plaintiff may establish

causation by showing that the person (or persons) taking the adverse employment action was acting in accordance with the wishes of the plaintiff's harasser without independently evaluating the employee's situation. See Llampallas v. Mini-Circuits, Inc., 163 F.3d 1236, 1249 (11th Cir. 1998). On this record, Grier's evidence, primarily consisting of conclusory references to hearsay statements, was insufficient to establish, at the summary judgment stage, that one of her supervisors, whom she alleged engaged in retaliatory conduct, was acting at the behest of another supervisor. Cf. Club Car, Inc v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 783-84 (11th Cir. 2004) (noting that "[i]nadmissible hearsay generally cannot be considered on a motion for summary judgment"). On this record, the district court did not err by entering summary judgment against Grier. Accordingly, we affirm.

**AFFIRMED.**